UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARIANO MEDRANO-ARZATE, | ) | CASE NO. 4:10 CV0720 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Before the Court is plaintiff pro se Mariano Medrano-Arzate's complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401(b) and 2671. Mr. Medrano-Arzate, who is imprisoned at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio, names the United States of America, the Bureau of Prisons ("BOP") and the United States Marshals Service as defendants. Plaintiff claims the defendants were negligent and engaged in malicious abuse of process. He seeks damages in the amount of $5 million.

## *Background*

The relevant facts supporting Mr. Medrano-Arzate's complaint were set forth in an earlier habeas petition he filed in this Court on October 26, 2009. See Medrano-Arzate v. Rushing, No. 4:09CV2513 (N.D. Ohio 2009) (Gaughan, J.). The case was dismissed without prejudice for failure to exhaust administrative remedies. For the sake of clarity, the Court will rely, in part, on

...

the historical record that case provides.  See United States v. Rigdon, 459 F.2d 379, 380 (6th Cir. 1972) (court permitted to take judicial notice of information obtained from its own records).

Plaintiff was arrested by a Okeechobee County Florida Sheriff's Deputy on December 31, 2004.  The arrest resulted from a fugitive warrant issued October 16, 2000 by a North Carolina state court, where Mr. Medrano-Arzate was indicted in 1999 for trafficking in cocaine.  See North Carolina v. Medrano-Arzate, No. 99CRS021176.  Plaintiff fled prior to the imposition of his sentence in that court.

While in the custody of the State of Florida, Mr. Medrano-Arzate was indicted in the United States District Court for the Southern District of Florida.  See United States v. Medrano-Arzarte, No. 2:05-cr-14005-KMM (S.D. Fl. filed Jan. 4, 2005).  A writ of habeas corpus ad testificandum was issued on January 7, 2005 summoning the plaintiff to appear before the United States District Court for Southern District of Florida.  The criminal complaint charged the plaintiff with conspiracy to possess with intent to distribute in excess of 50 kilograms of marijuana.

Mr. Medrano-Arzate subsequently pleaded guilty to violating 21 U.S.C. § 846.  The court sentenced him on May 25, 2005 to serve 48 months in prison, followed by three years of supervised release.  Petitioner claims he was sent to the Federal Correctional Complex in Yazoo City, Mississippi "for around 4 months (June-October/2005)."  Complaint (Doc. 1) at 5.

A copy of the Judgment and Commitment ("J & C") issued by the North Carolina state court indicates the plaintiff was sentenced on January 4, 2006 to serve 35 to 42 months in prison for trafficking in cocaine.  See North Carolina v. Medrano-Arzate, No. 99CRS021176. The state court ordered his sentence to run concurrent with the "SENTENCE DEFENDANT IS NOW SERVING IN FEDERAL PRISON."  J & C (Doc. 1-3) at 2.  According to Mr. Medrano-Arzate, he

was then "wrongfully" sent to a state prison in North Carolina, where he served a 36-month state sentence.  Doc. 1 at 5.  On January 19, 2009, the plaintiff was released by the state prison and transferred to NEOCC to serve the balance of his federal sentence.  Id. at 6.

During an NEOCC unit team interview on April 28, 2009, the plaintiff received a copy of his Sentence Monitoring Computation Data.  It showed his federal sentence commenced on January 19, 2009, a projected release date of July 14, 2012, and the full term of his federal sentence expiring January 18, 2013.  He asserts these dates reflected "malicious abuse of process, wrongful acts and miscarriage of justice in my serious prejudice."  Id.

Mr. Medrano-Arzate challenged the information on his data sheet by filing a request for Informal Resolution on August 25, 2009, complaining his sentence was erroneously calculated.  A staff member responded, as follows:

> You were arrested 12-31-2004 by Okeechobee Co. Florida Sheriff's deputies on a warrant out of North Carolina.  On 01-13-2005 you were received in federal custody on a federal writ and sentenced 05-25-05 to 48 months and on 10-14-05 returned to Okeech Co. Jail.  You then remained in state custody until released from your state sentence 01-19-2009.  The federal court has been contacted in regards to running your federal sentence concurrent to your state sentence.

NEOCC Informal Resolution (Doc. 1-5 in Case No. 4:09CV2513).  It was at this point that the plaintiff initiated his FTCA claim.  Thus, on September 11, 2009, Mr. Medrano-Arzate filed a Notice of Administrative Claim pursuant to the FTCA with the BOP Central Office in Washington, D.C.  He sought immediate release, arguing his federal sentence expired in May 2008.  His claim was written, as follows:

> ALL THE FACTS, DATES AND CIRCUMSTANCES SURROUNDING THIS CLAIM FOR ABUSE OF PROCESS AND NEGLIGENCE BY THE FEDERAL OFFICES OF B.O.P. AND U.S.

-3-

MARSHALS, ARE INCLUDED IN THE MEMORANDUM OF
FACTS AND BACKGROUND ATTACHED.

Claim for Damage, Injury, or Death (Doc. 1-1). Mr. Medrano-Arzate claims the BOP has "refuse[d] to provide any response to my Notice of claim within the six month[ ] period." Doc. 1 at 4.

Four days after submitting his claim, Mr. Medrano-Arzate filed a formal grievance with the NEOCC claiming the BOP was violating federal and state regulations by continuing to keep him incarcerated. See NEOCC Inmate/Resident Grievance (Doc. 1-6 at 1 in Case No. 4:09CV2513). A NEOCC staff member responded on October 9, 2009, assuring Mr. Medrano-Arzate the federal court had been contacted to determine whether his federal sentence should have run concurrent to his state sentence. Id. at 2.

Plaintiff next claims federal authorities maliciously altered his "Inmate Profile," dated December 1, 2009, to reflect his federal case number as "2:08-CR-14005-MOORE," instead of "2:05-CR-14005-MOORE."[1] Doc. 1 at 7. Without addressing what injury he suffered as a result, the plaintiff then filed a Regional Administrative Remedy Appeal. James E. Burrell, an Administrator for the Privatization Management Branch, partially granted the appeal in a letter dated December 19, 2009. Doc. 1-6. Mr. Burrell explained that the North Carolina state court was contacted earlier that month and verified that Mr. Medrano-Arzate was released from state custody from January 15, 2005 through January 3, 2006. He determined this entitled the plaintiff to federal sentencing credit for that period of time. Accordingly, plaintiff's release date was changed from July 14, 2012 to July 26, 2011. Mr. Medrano-Arzate believes, however, that the letter "**RECOGNIZE[D]** that there is an Abuse of Process and Wrongful Acts in my prejudice"

---

[1] The December 1, 2009 Inmate Profile states: "2:08cr14005-001-Moore. 48 Months + 3 Yrs. SRT." Doc. 1-5.

(emphasis in original).  Doc. 1 at 7.

Finally, Mr. Burrell added that plaintiff's request for nunc pro tunc designation to "begin your federal sentence on the date of imposition (May 25, 2005), . . . [was] forwarded . . . to the Designation and Sentence Computation Center (DSCC) for further review and determination in accordance with Bureau of Prisons' PS 5160.05, Designation of State Institution for Service of Federal Sentence."  Doc. 1-6.  Mr. Burrell further advised Mr. Medrano-Arzate that he could appeal the decision to the Office of General Counsel, Federal BOP, within 30 days if he was dissatisfied with the response.  There is no indication the plaintiff appealed the Administrator's decision. Instead, he refers the Court's attention to a complaint he allegedly sent by certified mail to the Designation and Sentence Computation Center in Grand Prairie, Texas on August 25, 2009.  Doc. 1 at 8.  Although the return address card indicates the complaint was "received" on August 31, 2009 (Doc. 1-7), the plaintiff claims the office has "refuse[d]" to provide a response or "resolve this Abuse of Process and Unlawful custody" which he alleges has deprived him of freedom since May 2008.  Doc. 1 at 8.

Mr. Medrano-Arzate complains the defendants engaged in "Malicious Abuse of Process, Erroneous and Unlawful acts" that deprives him of his freedom.  Doc. 1 at 6.  He argues it is a miscarriage of justice to delay the service of his sentence after the federal court sentenced him in May 2005.  Thus, he maintains his federal sentence should have ended in May 2008.

### *Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A;[2] Onapolis v. Lamanna, 70 F. Supp.2d 809 (N.D.Ohio 1999) (if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act, district court should sua sponte dismiss complaint); see Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

## *Federal Tort Claims Act*

Mr. Medrano-Arzate is seeking $5 million for injuries he allegedly suffered based on the BOP's investigation into matters relating to the length of his federal sentence. The FTCA creates liability for certain torts committed by government officials. As such, where a FTCA complaint asserts a prisoner is being held beyond the length of his sentence, the same common law principles upon which the Supreme Court relied in Heck v. Humphrey, 512 U.S. 477 (1994) should determine whether a FTCA action is cognizable. This is, in effect, a challenge to the sentence imposed by the United States District Court for the Southern District of Florida, a right of action that

---

[2]Section 1915A, 28 U.S.C. provides in relevant part:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> \* \* \* \*

has not yet accrued. See id. As the Heck court explained:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction</u> or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. . . .

Heck, 512 U.S. at 486-87 (footnote omitted; italics in the original; underline emphasis added); see also Parris v. United States, 45 F.3d 383 (10th Cir.) (Heck applicable to suits brought under the FTCA), cert. denied, 514 U.S. 1120 (1995); Hinton v. United States, No. 03-4146 (6th Cir. Mar. 17, 2004) (claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction).

Mr. Medrano-Arzate's sentence has not been set aside by the District Court in Florida. To the extent he had a statutory right to sentencing credit pursuant to 18 U.S.C. § 3585, the issue was already addressed when the BOP credited almost 12 months to his federal sentence. What remains is his assertion that his federal sentence commenced in May 2005. As a matter of law, he cannot sustain this claim.

Although a state court may order a state sentence to run concurrent to an already existing federal sentence, a federal court is not compelled to coordinate the initiation of the federal sentence with the commencement of the state sentence. See Barden v. Keohane, 921 F.2d 476, 478

n. 4 (3d Cir. 1990) (A federal sentence cannot be made to run concurrently with a state sentence and "neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir.), cert. denied, 429 U.S. 851 (1976) ("The rule of presumptive concurrency of sentences, in the absence of a specific directive that sentences be served consecutively, does not apply where one sentence is imposed by a federal court and the other by a state court."); Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."); United States v. Huss, 520 F.2d 598 (2d Cir. 1975) (a federal court is not compelled to order that a federal sentence be served concurrent with a state sentence).

    Mr. Medrano-Arzate's assertion that because the judge in North Carolina ordered the state sentence to be served concurrent to the previously imposed federal sentence, federal custody was retroactive to the date that plaintiff's federal sentence was imposed, does not comport with the law. A federal judge, unlike a state judge, does not even have the authority to order that a prisoner's federal sentence run concurrent to his state sentence. See Gomori, 533 F.2d at 875 ("A federal court has no power to direct that a federal sentence shall run concurrently with a state sentence."). At most, the federal judge could recommend to the Attorney General that he designate a state institution as the place of service of a federal sentence in order to make it concurrent with a state sentence being served. Id. In this case, however, that was not and could not have been done because Mr. Medrano-Arzate had not yet been sentenced by the state court when the federal court sentenced him. Barden, 921 F.2d at 483-84 ("[T]he sentencing court not only was unable to order concurrency because it

-8-

sentenced Barden before the state did but was actually powerless to do so.")

A federal sentence commences when the Attorney General of the United States receives the defendant into custody for service of his sentence. See United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990), cert. denied, 500 U.S. 915-16 (1991) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served"). Mr. Medrano-Arzate was taken into state custody on January 4, 2006.[3] Once his state sentence expired, the plaintiff was taken into custody by the BOP on January 19, 2009. Consequently, the record reflects plaintiff's federal sentence commenced on January 19, 2009. Because the BOP recently advised the plaintiff that his request for a nunc pro tunc designation to begin his federal sentence on May 25, 2005 is under review, that matter is not ripe for disposition.

To the extent plaintiff's remaining claims assert the intentional tort of false imprisonment and abuse of process, the United States has not waived sovereign immunity under the FTCA. See 28 U.S.C. § 2680(h) (among the exceptions to the waiver of sovereign immunity under the FTCA are "[a]ny claim[s] arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"). Thus, his FTCA claims of false imprisonment and abuse of process lack merit and are dismissed on the merits.

### *Conclusion*

Based on the foregoing, this action will be dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not

---

[3]This does not negate the fact he was granted federal credit from the date he arrived in federal court via writ of habeas corpus ad testificandum on January 15, 2005 until he was imprisoned in the state of North Carolina on January 3, 2006.

be taken in good faith.[4]

       IT IS SO ORDERED.


Dated:  October 26, 2010         /s/  John R. Adams
                    JOHN R. ADAMS
                    UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.